STATE OF IOWA, Appellee, v. FRANCIS CLAIRE EATON, Appellant.

CRIMINAL LAW: Argument and Conduct of Counsel—Designedly Injecting Improper Testimony. It is gross misconduct and necessarily prejudicial error for the county attorney to *designedly* inject into the record and before the jury the fact that the accused had, prior to the charge in question, been convicted of a penitentiary offense wholly foreign to the charge on trial.

*Appeal from Audubon District Court.*—O. D. WHEELER, Judge.

DECEMBER 14, 1920.

The defendant appeals from a conviction of the crime of adultery.—*Reversed and remanded.*

*Mantz & White,* for appellant.

*H. M. Havner,* Attorney General, and *T. M. Rasmussen,* for appellee.

LADD, J.—The accused challenges the sufficiency of the evidence to support the finding of the jury. A careful examination of the record has satisfied us that the finding is amply supported. The other question presented is whether the county attorney was guilty of prejudicial misconduct. In the opening statement to the jury, he said:

"The evidence will show that the defendant and his wife were married in South Sioux City some time in November, 1915, and that, after that, they went to à town named Newell to live, and that, after they had lived there for some time, defendant went away, the reason for which may not be material to this case, and may not appear, and his wife went to live with his parents. In about a year, he came back, and went to living with his wife at Glidden, Iowa."

The prosecutrix was the first witness, and, after some preliminary questions, she was asked:

"State whether or not you are married to Mr. Eaton. A. I have evidence to prove I was married to him by my marriage certificate. Q. Are you and Mr. Eaton married or not? A. Yes. Q. When were you married? A. The 27th day of July, 1916. Q. Where? A. At Storm Lake, Iowa. Q. There was some difficulty about the first marriage, wasn't there? A. Yes, sir. (Upon motion of defendant the answer was stricken as incompetent, immaterial, and irrelevant.) Q. Is that when you say you were married? A. That was before the second marriage. (Answer stricken, on motion of the defendant.) Q. Did you have another marriage ceremony performed after the one that you speak of in July? A. Yes, sir. I was married the second time at Dakota City, November 7, 1915. (Defendant asked to strike the answer and same overruled.) Q. What is the fact about your being now married to this defendant? A. I have evidence to prove that I really am married. I know that I am. Q. You say that the last ceremony was performed on the 7th day of November, 1915? A. Yes, sir. Q.

Has that relation continued to exist up to the present time? A. Yes, sir. Q. How long did you live at Newell after your marriage? A. From July until the 1st part of March, 1916. That is, I lived with him at that time, and then I lived alone by myself, of course; and I went to Wall Lake to stay with his folks after that. Q. You lived together how long, or until when? A. Until March 1, 1916. Q. What became of Mr. Eaton? (Objected to as incompetent, irrelevant and immaterial. Sustained, and State excepts.) Q. What is the fact about your living alone after that time, after March 1, 1916? A. He was sent to the penitentiary. (White: Wait until we get our objections. We move to strike the answer as incompetent, immaterial, and irrelevant. Sustained, and State excepts.)''

In the opening argument, the same attorney remarked that:

''In my opening statement to you, I said that, soon after the defendant and complaining witness were married, at South Sioux City, Iowa, and went to reside at Newell, that, soon after that, he was taken away from his wife, and was gone for about a year. I told you then that I did not know that the evidence would show where he went, or that it would be material where he went; but I can say to you now that it is a reasonable inference that his going was not of his own volition or choosing.''

The defendant was not a witness in his own behalf, and counsel for defendant contends that the prosecutor designedly injected into the record the fact that the accused had been convicted of a felony. Section 4613 of the Code provides that:

''A witness may be interrogated as to his previous conviction for a felony. But no other proof is competent, except the record thereof.''

The officer explained by affidavit that he—

''in eliciting the testimony with reference to the marriage of defendant and the prosecuting witness, had no intention of bringing the fact of a former conviction to the attention of the jury; that the answer of said witness that she was married on July 27, 1916, was erroneous; that a marriage ceremony was performed between the defendant and the said prosecuting witness in July, 1915, but that the same was invalid, the defendant being at that time married to another woman; but that a valid marriage was performed on November 7, 1915; that the said county

attorney, in asking the questions and obtaining the answers complained of, was seeking to establish a valid marriage, and had no other motive or purpose in view; that the former conviction referred to by the defendant was not had in this case, but on an indictment for bigamy in Buena Vista County, some years ago.''

The only defect in this explanation is that the record demonstrates that it is untrue. In the opening statement, he alluded to defendant's absence, and return after a year. He followed this up, after showing by prosecutrix that they lived together until March 1, 1916, by asking, ''What became of Mr. Eaton?'' when he must have been aware of what the answer would be likely to be; and, though another question was interposed, before the answer came, and the answer was stricken, he proceeded to remind the jury, in his argument, of what he had said, and suggested that ''it is a reasonable inference that his going was not of his own volition or choosing.'' Had not the fact improperly injected into the record, been insisted upon after the answer was stricken, there would be some room for concluding that the jury did not consider it in making up their verdict. But, as the attorney pressed the circumstance that accused had been in the penitentiary upon their attention, by insinuation in his opening statement, undertook so to prove, and did elicit an answer to that effect, and drew that inference in his opening argument, though aware that the answer so stating had been stricken from the record, there is no escape from the inference that the jury had before them, and must have taken into consideration, his former conviction of a felony. That circumstance was without the slightest probative force, and was extremely prejudicial to a fair and impartial trial of the accused. The prosecuting attorney was guilty of gross misconduct, and, owing to that alone, and the consequent prejudice caused thereby, the judgment is reversed, and the cause remanded for another trial.—*Reversed and remanded.*

WEAVER, C. J., STEVENS and ARTHUR, JJ., concur.